UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  5:19-cv-01884-DOC-MAA                           Date:  February 4, 2020

Title:   Pascacio v. Ndoh

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|:---:|:---:|
| N/A | N/A |

**Proceedings (In Chambers):**          **Order to Show Cause Why the First Amended Petition Should Not Be Dismissed for Failure to Exhaust**

On September 16, 2019, Petitioner Armando Sotelo Pascacio, acting *pro se*, executed a petition for a writ of habeas corpus.  (ECF No. 1.)  The Court received and filed Petitioner's operative First Amended Petition on October 23, 2019.  ("FAP," ECF No. 5.)  Petitioner challenges a conviction and sentence sustained in the San Bernardino County Superior Court.  (*Id.* at 2.)[1]

On November 27, 2019, Respondent filed a motion to dismiss the FAP as wholly unexhausted.  ("Motion," ECF No. 13 to 13-1.)  Petitioner's deadline to oppose the Motion has passed (*see* ECF No. 7, at 3 (setting deadline)), and to date no opposition has been filed.[2]  The Court may deem Petitioner's failure to oppose the motion as consent to granting the motion.  *See* C.D. Cal. L.R. 7-12.  However, out of consideration for Petitioner's *pro se* status, the Court addresses the substance of the Motion, advises the parties of its preliminary findings, and directs Petitioner to

---

[1] Pinpoint citations of briefs and lodged documents ("LD," ECF Nos. 14-1 to -10) in this Order refer to the page numbers appearing in the ECF-generated headers.

[2] However, Petitioner has sought to file a number of handwritten documents written in the Spanish language.  (*See* ECF Nos. 10-12, 15-17.)  The Court has rejected these documents for failure to comply with Local Rule 11-3.10, which requires documents presented for filing to "be presented in English unless: (a) an English translation is concurrently provided; or (b) the Court orders otherwise upon a showing of good cause."

respond as set forth below.  This Order is intended solely to provide Petitioner with information so that he can make an informed decision regarding his claims.[3]

Background

On January 10, 2017, in the San Bernardino County Superior Court, a jury convicted Petitioner of engaging in sexual intercourse with a child ten years old or younger (Cal. Penal Code § 288.7(a)) and participating in oral copulation of a child ten years old or younger (Cal. Penal Code § 288.7(b)).  (LD 1, at 217-18.)  On March 6, 2017, Petitioner was sentenced to state prison for a total term of fifty years to life.  (*Id.* at 231-32.)

Petitioner appealed.  (*See id.* at 233 (Notice of Appeal); *see also* LD 5 (Appellant's Opening Brief).)  On February 26, 2019, the Court of Appeal affirmed the conviction in a reasoned opinion. *People v. Pascacio*, No. D074570, 2019 Cal. App. Unpub. LEXIS 1323, 2019 WL 926739 (Cal. Ct. App. Feb. 26, 2019).  (LD 8.)  On April 4, 2019, Petitioner filed a petition for review with the California Supreme Court in which he asserted the same four claims.  (LD 9.)  The petition for review raises four claims:  (1) there was insufficient evidence to sustain the conviction of unlawful sexual intercourse; (2) the trial court failed to instruct the jury that it could only use a hearsay statement from a non-testifying doctor to a police officer for the limited purpose of determining the police officer's state of mind; (3) trial counsel rendered ineffective assistance by failing to request a limiting instruction regarding the doctor's out-of-court statements and failing to object to the prosecutor's closing argument; and (4) cumulative error.  (*See* LD 9, at 10; *see generally id.* at 16-40.)  On May 15, 2019, the California Supreme Court summarily denied the petition for review. *People v. Pascacio*, No. S255076, 2019 Cal. LEXIS 3412 (Cal. May 15, 2019).  (LD 10.)

Petitioner initiated this federal action on September 16, 2019.  (ECF No. 1.)  In the operative FAP, Petitioner asserts four claims for federal habeas relief:  (1) "violation of *Miranda* Rights"; (2) "Evidences not Presented at trial"; (3) "Ineffective Assistance of Councel [sic]"; and (4) "False testimonies."  (*Id.* at 5-6.)  Petitioner also states that he raised the four grounds in the FAP in a direct

---

[3] Accordingly, the Court's preliminary observations regarding exhaustion should not be read as dispositive of Petitioner's claims.  This Order neither decides not recommends that the FAP as pleaded must be dismissed for failure to exhaust.  Nevertheless, pursuant to Federal Rule of Civil Procedure 72, if a party disagrees with the Magistrate Judge's analysis that this Order neither disposes of any claim or defense nor denies any relief ultimately sought, the party may object to this Order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015).

Case No.:  5:19-cv-01884-DOC-MAA                              Date:  February 4, 2020

Title:   Pascacio v. Ndoh

appeal to the California Court of Appeal.  (*Id.* at 2-3.)  Petitioner also indicates that he raised all four grounds for relief in a petition for review presented to the California Supreme Court.  (*See id.* at 5-6.)

<u>Discussion</u>

Petitioner has not exhausted state remedies with respect to all four grounds in the Petition, rendering the FAP an unexhausted petition subject to dismissal without prejudice.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

In the Motion, Respondent contends that Petitioner has not fairly presented the FAP's claims to the California Supreme Court, so the FAP should be dismissed.  (*See* Motion, ECF No. 13-1, at 3-4.)  Petitioner did not respond to the Motion, but in the FAP, he indicates that he presented his claims in an appeal to the California Court of Appeal and in a petition for review to the California Supreme Court.  (FAP at 2-3, 5-6.)  After a close review of the state-court records lodged by Respondent, the Court preliminarily finds that the FAP is wholly unexhausted.

In Ground One, Petitioner asserts that he was not properly read his *Miranda* rights because he does not understand English.  (FAP at 5.)  A close review of the petition for review shows he did not present this claim to the California Supreme Court; Petitioner did not allege any facts or legal

argument relevant to the reading of Petitioner's *Miranda* rights.  (*See generally* LD 9.)  Ground One is unexhausted.

In Ground Two, Petitioner argues that certain evidence should have been presented at trial, identifying a "video . . . of what [he] said, or what [he] never said," and blood and saliva tests.  (FAP at 5.)  Again, the petition for review does not present this claim.  (*See generally* LD 9.)  Although the petition for review presents a claim regarding the sufficiency of the evidence, the claim does not identify exculpatory or inculpatory evidence that was "not presented at trial" but should have been. (FAP at 5; *see* LD 9, at 18-26 (arguing that evidence actually presented at trial regarding an element of the offense was lacking).)  Ground Two is unexhausted.

In Ground Three, Petitioner claims that his trial attorney rendered ineffective assistance because he "never argued the police reports," which purportedly showed that he "accepted" the crime, and because his attorney "never requested for my witness at my trial."  (FAP at 5-6.) Although Petitioner presented an ineffective assistance claim in his petition for review to the California Supreme Court, the facts and theories of ineffectiveness are completely unrelated: Petitioner argued before the state court that his attorney improperly failed to request a limiting instruction as to hearsay statements and failed to object to the prosecutor's use of facts not in evidence during the prosecution's closing argument.  (*See* LD 9, at 34-38.)  Accordingly, Petitioner has not presented to the California Supreme Court "both the operative facts and the federal legal theory on which his claim is based."  *Davis*, 511 F.3d at 1009 (citation and quotation marks omitted).

In Ground Four, Petitioner contends that witness testimony of Josefina Millan Chavez and Wendy Pascacio were "very inconsistent[]."  (FAP at 6.)  He also alleges that medical reports were inconsistent.  (*See id.*)  Testimonial inconsistencies were not at issue in the claims Petitioner presented in the petition for review.  The statement of facts in the California Supreme Court petition for review summarizes the testimony these witnesses gave at trial (*see* LD 9, at 46-47, 49-51; *see also id.* at 13 (adopting statement of facts set forth in Court of Appeal opinion)), but neither witness's testimony was at issue in the four claims Petitioner asserted.  (See generally LD 9, at 16-40.)  Ground Four is unexhausted.

In light of the foregoing, the FAP appears to be wholly unexhausted.  Accordingly, the FAP appears to be subject to dismissal without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-cv-01884-DOC-MAA                                     Date:  February 4, 2020

Title:    Pascacio v. Ndoh

        Before the Court recommends dismissal of the action, the Court will afford Petitioner an
opportunity to respond.  Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not
recommend dismissal of the FAP for failure to exhaust claims in state court.  Petitioner shall respond
to this Order to Show Cause in writing no later than **March 5, 2020**.  Petitioner may discharge the
Order to Show Cause by filing one of the following three documents:

    1.    Notice of Dismissal.  Petitioner may file a notice of dismissal of his FAP.  The Clerk
          is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of
          Civil Procedure 41(a) or (c)) to this Order to Show Cause.

    2.    Request for *Rhines* Stay.  Petitioner may file a request for a stay pursuant to *Rhines v.
          Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the
          requisite showing of good cause for his failure to exhaust his unexhausted claims in
          state court prior to filing his Petition.  He also must demonstrate to the Court's
          satisfaction that his unexhausted claims are not plainly meritless—for example, by
          citing the Supreme Court authority upon which he is relying in support of that claim.
          Finally, he must demonstrate to the Court's satisfaction that he has not engaged in
          abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277-78.

    3.    Response to Order to Show Cause.  If Petitioner contends that he has exhausted his
          state-court remedies, he may explain this clearly in a written response to this Order to
          Show Cause.  Petitioner should attach to his response copies of any documents
          establishing that the claims are exhausted, including a complete copy of his petition in
          the California Supreme Court and any decision by the California Supreme Court.
          (Petitioner also may indicate that, in the event the Court still finds that the claims are
          unexhausted, he selects one of the options discussed above.)

        **Petitioner is expressly cautioned that failure to respond to this Order to Show Cause
will result in a recommendation (1) that the Motion be granted, and (2) that the FAP be
dismissed without prejudice for failure to prosecute and failure to comply with a court order
pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state
court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

        It is so ordered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-cv-01884-DOC-MAA                              Date:  February 4, 2020

Title:   Pascacio v. Ndoh

Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

| | |
|---|---|
| **Time in Court:** | 0:00 |
| **Initials of Preparer:** | CSI |